IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLYDE ERNEST HARPER, | ) | 4:15CV3033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JUDGE COFFEY, and | ) | |
| PROSECUTOR RETELSDORF, of | ) | |
| Douglas County, | ) | |
| | ) | |
| Defendants. | | |

Plaintiff Clyde Ernest Harper ("Harper") filed his Complaint in this matter on March 23, 2015. (Filing No. 1.) This court has given him leave to proceed *in forma pauperis*. The court now conducts an initial review of Harper's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Harper is incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. He seeks relief pursuant to 42 U.S.C. § 1983 against Judge Coffey and Prosecutor Retelsdorf, the judge and prosecutor involved in his state criminal proceedings. (Filing No. 1 at CM/ECF p. 2.) The court takes judicial notice of Nebraska Department of Correctional Services public records, which show that Harper was convicted of two counts of first degree sexual assault on a child in Douglas County, Nebraska, and began his sentence on July 22, 2005. *See Stutzka v. McCarville, 420 F.3d 757, 761, n.2 (8th Cir. 2005)* (court may take judicial notice of public records).

Harper generally alleges in this action that he was wrongfully convicted based on "false DNA results" (Filing No. 1 at CM/ECF p. 4). For relief, Harper asks: "To

get Judge Coffey to Act within the law; give-up rape kit test and results that prove I'm innocent. And give me something as is allowed by law for holding me in prison on tampered with/false evidence; expose the wrong done to me[]/my Liberty." (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

2

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Liberally construed, Harper seeks monetary and equitable relief against Judge Coffey and Prosecutor Retelsdorf for actions they took during his state criminal proceedings. The court must consider whether Judge Coffey and Prosecutor Retelsdorf are immune from suit. In addition, the court must consider whether Harper's suit is an attack on his conviction, continued imprisonment, or sentence that is barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

#### A.   Judicial and Prosecutorial Immunity

A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Prosecutors "are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (internal quotation marks and citation omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* Allegations that a prosecutor presented false testimony or withheld evidence do not defeat prosecutorial immunity. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (overruled on other grounds).

Harper alleged in this action that he was wrongfully convicted based on "false DNA results," and the two named defendants took part in the criminal proceedings that resulted in Harper's conviction.[1] Harper alleged no facts against Judge Coffey that would fall outside the scope of his duties in presiding over Harper's criminal proceedings. In addition, Harper alleged no facts against Prosecutor Retelsdorf that would fall outside the scope of her duties in initiating and pursuing a criminal prosecution. Accordingly, the court finds they are immune from suit.

**B.** *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

---

[1]The court takes judicial notice of the state-court records contained in a prior action filed by Howard in this court that show Judge Coffey presided over Howard's state-criminal proceedings, and Leigh Ann Retelsdorf served as a prosecutor during the proceedings. (*See Harper v. Douglas County, et al.*, Case No. 8:02-cv-00287-JFB-PRSE (D. Neb.), Filing No. 37.)

Here, the facts demonstrate the *Heck* bar is properly invoked. If successful, Harper's claims that he was convicted through the use of "false DNA results" necessarily implicate the validity of his conviction and confinement. In other words, if Harper were to prevail on his claims that the prosecutor knowingly presented false evidence and the trial judge allowed her to do so, then it would call into question Harper's conviction. Therefore, to the extent judgment in favor of Harper on any of his claims would render his criminal conviction invalid, his claims for relief are barred by *Heck v. Humphrey*. See *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (*Heck* applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist).

IT IS THEREFORE ORDERED that: This case is dismissed without prejudice. The court will enter a separate judgment in accordance with this order.

DATED this 20th day of July, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

5