IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLYDE ERNEST HARPER, | ) | 4:15CV3033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JUDGE COFFEY, and | ) | |
| PROSECUTOR RETELSDORF, of | ) | |
| Douglas County, | ) | |
| | ) | |
| Defendants. | | |

This matter is before the court on Clyde Harper's Motion (Filing No. 11) filed on July 27, 2015, seeking reconsideration of the court's entry of judgment in this matter. On July 20, 2015, the court dismissed Harper's Complaint because the court determined the defendants were immune from suit. (Filing No. 9 at CM/ECF pp. 3-4.) In addition, the court determined Harper's claims for relief were barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (*Id.* at CM/ECF pp 4-5.)

The court will consider Harper's motion under Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure. A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure serves "the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (internal quotation marks omitted). A Rule 59(e) motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Under Federal Rule of Civil Procedure 60(b)(6), "the court may relieve a party or its legal representative from a final judgment [or] order," for any "reason that justifies relief." Fed.R.Civ.P. 60(b)(6).

Here, Harper argues the court erred in dismissing his case under *Heck v. Humphrey* because he did not request monetary relief. Notably, in Harper's Notice of Appeal, he writes that he does not want "money;" rather, he "want[s] [his] liberty [] based on the 'documented' fact that [he] was falsely convicted." (Filing No. 12.)

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would unnecessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87. Stated another way, this court could grant none of the relief sought by Harper without first determining that his conviction and incarceration were unlawfully obtained. Harper may raise his claims in a habeas corpus action or similar proceeding, but he may not raise them in an action brought pursuant to 42 U.S.C. § 1983. Accordingly, he is not entitled to relief under Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure for any of the reasons raised in his motion.

IT IS THEREFORE ORDERED that: Harper's Motion (Filing No. 11) is denied.

DATED this 31st day of July, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.